**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4393**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAJAE JAMELL HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00326-WO-1)

Submitted:  February 21, 2019                   Decided:  February 25, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajae Jamell Harris appeals his conviction and 120-month sentence, imposed after his guilty plea, pursuant to a plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). Harris' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Harris' sentence is substantively reasonable. Harris was advised of his right to file a pro se supplemental brief, but did not file a brief. We affirm.

We review Harris' sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51; *see* 18 U.S.C. § 3553(a)(2012). If there is no significant procedural error, we then consider the sentence's substantive reasonableness "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is reasonable, and a defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in the imposition of Harris' sentence. The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons for imposing the sentence Harris received. Furthermore, Harris has not made the showing necessary to rebut the presumption of reasonableness that we afford his below-Guidelines range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Harris' conviction and sentence. This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*